

Joshua L. Raskin
Tel 212.801.6930
Fax 212.801.6400
raskinj@gtlaw.com

August 21, 2015

**VIA ECF**

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Carson Optical, Inc. v. eBay, Inc.*, No. 2:15-cv-03793-KAM-SIL

Dear Judge Matsumoto:

We represent Defendant eBay, Inc. ("eBay") in the above-captioned action, and write pursuant to the Court's July 31, 2015 Order in this case. For the reasons stated below, eBay believes that the Amended Complaint filed by Plaintiff Carson Optical, Inc. ("Carson") on August 14, 2015 (Dkt. 15), continues to fail to state a claim on which relief can be granted, and therefore will proceed to serve and file a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion").

**1. Carson's Amended Complaint Still Fails to State a Claim for Induced Infringement**

Carson's Amended Complaint is devoid of any additional factual allegations "plausibly showing" that eBay "*specifically intended* [its] customers to infringe" Carson's patents "and *knew* that the customer's acts constituted infringement." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) (emphasis added). Instead, Carson has added several paragraphs purporting to identify photographs of exemplary alleged infringing products and purporting to compare those photographs with Claim 1 of the '729 patent and Claim 4 of the '601 patent. (Dkt. 15 at 9-13, 17-22.) But these new allegations do not show the requisite knowledge and intent by eBay, and the factual allegations that Carson alleges underlie eBay's state of mind remain the same as in Carson's original Complaint—i.e., conclusory assertions that eBay "knowingly" offers various services to all of its users without regard to what they are selling. (*Id.* at 13-15, 22-24.)

Even assuming Carson's allegations attempting to "map" the limitations of a patent's claims onto features of the accused products are true, Carson has pleaded no *facts* plausibly showing that eBay has ever *actually known* those contentions to be true, or *specifically intended* that its customers to sell products meeting those limitations as contended by Carson. Carson pleads no factual allegations even as to eBay's *ability* to

ALBANY
AMSTERDAM
ATLANTA
AUSTIN
BOCA RATON
BOSTON
CHICAGO
DALLAS
DELAWARE
DENVER
FORT LAUDERDALE
HOUSTON
LAS VEGAS
LONDON*
LOS ANGELES
MEXICO CITY+
MIAMI
MILAN**
NEW JERSEY
NEW YORK
NORTHERN VIRGINIA
ORANGE COUNTY
ORLANDO
PHILADELPHIA
PHOENIX
ROME**
SACRAMENTO
SAN FRANCISCO
SEOUL~
SHANGHAI
SILICON VALLEY
TALLAHASSEE
TAMPA
TEL AVIV^
TOKYO¤
WARSAW~
WASHINGTON, D.C.
WESTCHESTER COUNTY
WEST PALM BEACH

• OPERATES AS
  GREENBERG TRAURIG MAHER LLP
• OPERATES AS
  GREENBERG TRAURIG, S.C.
~ STRATEGIC ALLIANCE
^ OPERATES AS
  GREENBERG TRAURIG LLP
  FOREIGN LEGAL CONSULTANT OFFICE
^ A BRANCH OF
  GREENBERG TRAURIG, P.A.,
  FLORIDA USA
¤ OPERATES AS
  GT TOKYO HORITSU JIMUSHO
• OPERATES AS
  GREENBERG TRAURIG GRZESIAK SP.K

GREENBERG TRAURIG, LLP ▪ ATTORNEYS AT LAW ▪ WWW.GTLAW.COM
MetLife Building, 200 Park Avenue ▪ New York, New York 10166 ▪ Tel 212.801.9200 ▪ Fax 212.801.6400
LA 132221127v3

The Honorable Kiyo A. Matsumoto
August 21, 2015
Page 2

---

understand or construe the claim terms of Carson's patents or evaluate Carson's contentions, let alone construct its own "mapping" of patent claim limitations onto features of products that it does not make, sell, or even possess. Such factual allegations would simply be implausible and cannot be inferred from the Amended Complaint, given eBay's status as a provider of e-commerce services—not a manufacturer or seller of head magnifying glasses and belts.

Similarly, Carson has pleaded no facts sufficient to show willful blindness under the two-prong inquiry set forth in *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060, 2068-71 (2011). Carson has not pleaded facts that can plausibly show a *subjective belief* that there is a high probability that the accused listings infringe. Nor does Carson plead any facts concerning any alleged *deliberate actions*—as opposed to passive inaction—taken by eBay to avoid learning of the alleged infringement. Just as in Carson's original complaint, the only factual allegations apparently included in the Amended Complaint for that purpose are that eBay could hire patent counsel to evaluate Carson's claims of infringement, but has refused to do so. (Dkt. 15 at 7, ¶ 41.) But, this fact, even if true, cannot be used to support a theory of induced infringement under the America Invents Act. *See* 35 U.S.C. § 298 ("The failure of an infringer to obtain the advice of counsel … may not be used to prove … that the infringer intended to induce infringement.").

These inadequacies are fatal to Carson's Amended Complaint. In essence, Carson repeats its mantra: If Carson accuses a product of infringement, then eBay has a duty to either take Carson at its word, or affirmatively investigate Carson's allegations. Carson is wrong, and accordingly, its induced infringement claims should be dismissed.

## 2. Carson's Claim for Unfair and Deceptive Trade Practices Is Still Preempted

In its Amended Complaint, Carson has included additional paragraphs relating to its claims of "unfair methods of competition and/or unfair or deceptive acts or practices in the conduct of trade and commerce."[1] (Dkt. 15 at 25, ¶ 62.) But these additional paragraphs do not save Carson's state law claim from being preempted. First, Carson alleges that eBay has committed unfair competition because it induces infringement, allegedly with bad faith and willfully. (*Id.* at 25, ¶ 63.) That theory is plainly preempted by the Patent Act; Carson "bases its tort action on conduct that is protected or governed by federal patent law," and thus "may not invoke the state law remedy, which must be preempted for conflict with federal patent law." *See, e.g., Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317, 328 (E.D.N.Y. 2014) (quoting *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1336 (Fed. Cir. 1998)). Second, Carson alleges that eBay's "promulgations and publication of the VeRO Program which indicates to the public that eBay respects the intellectual property rights of others" are tortious under state law because "[i]n reality, eBay does not follow its own VeRO Program, and instead claims that it does not have the time to review the notices provided by intellectual property rights holders to determine whether eBay's listings

---

[1] It is unclear which cause of action Carson seeks to invoke, as "unfair competition" and "unfair and deceptive trade practices" are two separate causes of action under New York law. While Carson purports to seek relief under the common law, "deceptive trade practices" is governed by statute. *See* N.Y. Gen. Bus. Law § 349.

The Honorable Kiyo A. Matsumoto
August 21, 2015
Page 3

---

infringe on such rights." (Dkt. 15 at 25, ¶¶ 63-64.) Not only is this theory "base[d] ... on conduct that is protected or governed by federal patent law" and thus preempted on that ground, see *Prym*, 11 F. Supp. 3d at 328, this theory conflicts with other statements in Carson's own Amended Complaint, in which Carson admits that eBay will take down listings after receiving a court order or ITC 337 order against an infringing seller or product, indicating that eBay does, in fact, respect the intellectual property rights of others by taking down listings after receiving a notice of an actual infringement. (Dkt. 15 at 7, ¶ 41.)

### 3. Briefing Schedule

eBay and Carson have conferred and agree on the following briefing schedule, which the parties respectfully request that the Court approve:

> September 15, 2015: eBay to serve its Motion on Carson
> October 6, 2015: Carson to serve its Opposition to the Motion on eBay
> October 13, 2015: eBay to serve its Reply in Support of the motion on Carson

The parties will file their respective motion papers immediately thereafter, pursuant to Section IV.C.1. of Your Honor's Individual Practices. We thank the Court for its continued attention and courtesies, and are available at the Court's convenience to discuss any questions or concerns the Court may have.

Respectfully Submitted,

/s/ Joshua L. Raskin

cc:    Counsel of Record (via ECF)