## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| CARSON OPTICAL, INC. | : | |
| | : | |
| | : | |
| Plaintiff, | : | Civil Action No.: |
| | : | 2:15-cv-03793-KAM-SIL |
| v. | : | |
| | : | |
| EBAY INC. | : | |
| | : | |
| Defendant. | : | OCTOBER 6, 2015 |

## MEMORANDUM OF LAW IN OPPOSITION TO EBAY'S MOTION TO DISMISS

John R. Horvack, Jr.
John L. Cordani, Jr.
CARMODY TORRANCE SANDAK &
HENNESSEY, LLP
195 Church Street
New Haven, CT  06509-1950
Tel:  203-777-5501

*Attorneys for Plaintiff*
*Carson Optical, Inc.*

# TABLE OF CONTENTS

                                                                                          **Page**

INTRODUCTION...................................................................................... 1

FACTS....................................................................................................... 2

LEGAL STANDARDS............................................................................. 4

    A.    Motions to Dismiss................................................................. 4

    B.    Induced Patent Infringement................................................. 5

ARGUMENT............................................................................................. 6

    I.    Carson Has Plausibly Alleged eBay's Knowledge of or Willful
        Blindness to Its Merchants' Infringement............................................. 6

        A.    Carson Has Adequately Pled eBay's Knowledge of its
            Merchants' Infringement...................................................... 6

        B.    Carson Has Adequately Pled eBay's Willful Blindness as
            to its Merchants' Infringement............................................. 11

        C.    EBay Fails to Distinguish Other Legal Authorities............... 15

    II.    Carson's Unfair Competition Claim is Not Preempted by the
          Patent Act......................................................................................... 18

        A.    Patent Infringement Committed in Competition with a
            Patentee Can Constitute Unfair Competition....................... 18

        B.    EBay's Unfair and Deceptive Promulgation of its VeRO
            Program Constitutes Unfair Competition.............................. 20

    CONCLUSION.......................................................................................... 23

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*3D Sys, Inc. v. Formlabs, Inc.,*
2014 WL 1904365 (S.D.N.Y. May 12, 2014)............................................................ 8

*Arista Records LLC v. Doe 3,*
604 F.3d 110 (2d Cir. 2010).................................................... 4

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)............................................................ 4

*Ball Aerosol & Specialty Container, Inc. v. Limited Brands, Inc.,*
555 F.3d 984 (Fed. Cir. 2009)........................................................ 10

*Bell Atlantic Corp. v. Twombly,*
550 U.S. 544 (2007)......................................................... 4

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.,*
489 U.S. 141 (1989)......................................................... 19

*Bonutti Skeletal Innovations LLC v. Globus Medical Inc.,*
2015 WL 3755223 (E.D. Pa. June 15, 2015)............................................. 16

*Broadcomm Corp. v. Qualcomm, Inc.,*
543 F.3d 683 (Fed. Cir. 2008)....................................................... 13

*Commil USA, LLC v. Cisco Sys., Inc.,*
135 S.Ct. 1920 (2015)........................................................ 6

*Conair Corp. v. Jarden Corp.,*
2014 WL 3955172 (S.D.N.Y. Aug. 12, 2014)............................................ 7

*Donaldson Co., Inc. v. Baldwin Filters, Inc.,*
2011 WL 2183179 (D. Minn. June 6, 2011)............................................. 9

*Dow Chem. Co. v. Exxon Corp.,*
139 F.3d 1470 (Fed. Cir. 1998).......................................................... 19

*Global-Tech Appliances, Inc. v. SEB S.A.,*
563 U.S. 754, 131 S.Ct. 2060 (2011)....................................................... *passim*

*Hayden v. Paterson,*
594 F.3d 150 (2d Cir. 2010)........................................................................ 5

*Hunter Douglas, Inc. v. Harmonic Design, Inc.,*
153 F.3d 1318 (Fed. Cir. 1998)................................................................ 18, 19

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.,*
681 F.3d 1323 (Fed. Cir. 2012)................................................................. 5, 6

*Joao Control & Monitoring Sys. LLC v. Slomin's, Inc.,*
2015 WL 77516 (E.D.N.Y. Jan. 6, 2015)...................................................... 7

*Kewanee Oil Co. v. Bicron Corp.,*
416 U.S. 470 (1974).................................................................................. 19

*Markman v. Westview Instruments, Inc.,*
517 U.S. 370 (1996).................................................................................... 9

*Minnesota Min. & Mgf. Co. v. Chemque, Inc.,*
303 F.3d 1294 (Fed. Cir. 2002).................................................................... 5

*Ohio State Univ. v. Skreened Ltd.,*
16 F.Supp.3d 905 (S.D. Ohio 2014)............................................................ 15

*On Track Innovations Ltd. v. T-Mobile USA, Inc.,*
2014 WL 406497 (S.D.N.Y. Feb. 3, 2014).................................................... 7

*Paone v. Broadcom Corp.,*
2015 WL 4988279 (E.D.N.Y. Aug. 19, 2015)............................................... 7

*Phillips v. AWH Corp.,*
415 F.3d 1303 (Fed. Cir. 2005).................................................................... 9

*Power Lift, Inc. v. Lang Tools, Inc.,*
774 F.2d 478 (Fed. Cir. 1985)................................................................... 5, 9

*Rodime PLC v. Seagate Technology, Inc.,*
174 F.3d 1294 (Fed. Cir. 1999)................................................................... 20

*Roy Export Co. v. Columbia Broadcasting System, Inc.,*
672 F.2d 1095 (2d Cir. 1982)..................................................................... 23

*Suprema, Inc. v. Int'l Trade Comm'n,*
2015 WL 5315371 (Sept. 14, 2015).............................................................. 13

*Tegal Corp. v. Tokyo Electron Co., Ltd.,*
248 F.3d 1376 (Fed. Cir. 2001) ................................................................. 5

*Tiffany, Inc. v. eBay, Inc.,*
600 F.3d 1369 (2d Cir. 2010) ............................................................. 15, 17

*USHIP Intellectual Properties, LLC v. United States,*
98 Fed. Cl. 396 (2011) ............................................................................ 9

*Walker Digital LLC v. Facebook, Inc.,*
852 F.Supp.2d 559 (D. Del. 2012) .................................................... 7, 16

**Statutes**

35 U.S.C. § 271(a) .................................................................................. 5

35 U.S.C. § 271(b) ........................................................................... *passim*

35 U.S.C. § 298 ............................................................................... 13, 14

**Rules**

Fed. R. Civ. P. 8 .................................................................................. 16

Fed. R. Civ. P. 12(b)(6) ........................................................................ 4

## **INTRODUCTION**

EBay believes that it can operate, control and profit from an internet-based marketplace, in which its merchants knock-off Carson's patented goods, with absolute impunity.  Carson told eBay exactly which listings in its marketplace infringe on Carson's specific patents.  Carson's Complaint specifically alleges how eBay can confirm that the listings infringe Carson's patents, by simply looking at photographs on its own website.

While pleased to collect the profits of continued infringement, eBay studiously refuses to perform any analysis to evaluate infringement, and defends its refusal by suggesting the analysis is too difficult for a multi-billion dollar company.  If the argument is accepted, then eBay – and any others similarly positioned – could never be held liable for inducing patent infringement regardless of the detail in which the patent owner explains the infringement.  Such a result would eviscerate the Patent Act, which declares: "Whoever actively induces infringement shall be liable as an infringer," 35 U.S.C. § 271(b), and the U.S. Supreme Court's directive that knowledge is established by proof of willful blindness.

EBay has also engaged in unfair modes of competition through false representations about its Verified Rights Owner's Program ("VeRO").  Through this program, eBay promises that it respects intellectual property and will remove counterfeit or knockoff listings.   By doing so, eBay gains goodwill and reputational advantages, most notably: (1) Merchants are assured their innovative products will not be knock-off, and (2) Customers are assured they are not paying good money for knock-offs.

Yet, when Carson attempted to use VeRO, it discovered that eBay will not remove counterfeit or knockoff listings.  In fact, eBay refuses to even evaluate whether products are counterfeit or knock-offs.  Instead, eBay reports that it will remove infringing listings *only* if the

patent owner first obtains a court order against the eBay merchant.  However, eBay affords its

merchants anonymity, which makes it difficult, if not impossible, to obtain such a court order.

Thus, only when a patent owner peers underneath eBay's VeRO façade does it discover that

eBay's proud language about its VeRO program is nothing more than a ruse to falsely gain

reputation and respect, all to the harm and detriment of companies like Carson.

## FACTS

Carson is organized under the laws of the State of New York and employs many skilled

New Yorkers at its principal facility in Ronkonkoma.  (Am. Compl. p. 1, ¶ 1).  It relies on

innovation for revenue and growth.  Carson developed a highly successful magnification

product, called the MagniVisor Deluxe, covered by two patents: U.S. Pat. No. 6,116,729 (the

"729 Patent") and U.S. Pat. No. 6,215,601 (the "601 Patent").  (Am. Compl. p. 1-2, ¶¶ 8-13).

Carson's success with the MagniVisor Deluxe has led to rampant illegal copying by Chinese

manufacturers.  *Id.*  Unfortunately, eBay provides access to the American market for these

infringing goods, and has done so to Carson's grievous and irreparable detriment.

EBay operates one of the world's largest online marketplaces, earning $17.9 billion in

revenue last year and, according to eBay, "empower[ing] consumers to buy and sell anything,

anytime, anywhere."  (Am. Compl. p. 3, ¶¶ 14-16).  But with such power comes responsibility.

EBay understands this and has promulgated a false and deceptive VeRO program.  Under the

program, eBay proclaims to the public: "We're committed to protecting the intellectual property

rights of third parties … We created the [VeRO] Program so that intellectual property owners

can easily report listings that infringe their rights."  (Am. Compl. p. 6 ¶ 34).  EBay promises:

"We don't allow replicas, counterfeit items, or unauthorized copies to be listed on eBay."  (Am.

Compl. p. 6 ¶ 35).

But VeRO is a sham. Only after participating in the VeRO program and obtaining one of eBay's Notices of Claimed Infringement ("NOCI") does one learn that eBay will remove a replica, counterfeit, or copy of a patented item only if the patent owner first gets a court order stating that the specific item in the listing infringes on the patent. (Am. Compl. p. 7, ¶ 37-41). This makes eBay's VeRO publications false and misleading. EBay did not say: "We don't allow replicas, counterfeit items, or unauthorized copies to be listed on eBay – but only if you get a court order first."

The reason for the sham is clear – eBay profits greatly off of infringing listings. EBay charges its merchants an "Insertion Fee" based on the opening or reserve price of the listing and a "Final Value Fee," which is determined by a percentage of the total amount of the sale. (Am. Compl. p. 4 ¶ 21). EBay merchants may purchase certain advertising features in an effort to differentiate their listings, such as a border or bold-faced type. *Id.* EBay also generates revenue through PayPal, which consummates the eBay transactions. *Id.* EBay offers merchants, "tips and tools," a Seller's Center, eBay University, email marketing tools, integration with social media, eBay Stores, and special treatment for top sellers to help the merchants access eBay's market and make sales. (Am. Compl. p. 4-5 ¶ 22-27).

Without recourse to this Court, eBay has and will continue to have a financial incentive to facilitate on its website the sale of as many infringing items as possible. (Am. Compl. p. 4 ¶ 21). EBay, in fact, affirmatively acts on this incentive by actively assisting its merchants in finding customers and consummating sales. It employs "retargeting advertising" which uses cookies to track potentially interested customers and to steer them back to infringing listings. (Am. Compl. p. 5 ¶ 28-29). EBay also facilitates shipment of infringing products by allowing

merchants to print "eBay" shipping labels, prepay for postage, obtain special eBay discounts from USPS, UPS, and FedEx, and track their shipments.  (Am. Compl. p. 6 ¶ 31).

Carson's Complaint identifies specific eBay listing numbers that infringe on Carson's two patents.  (Am. Compl. p. 8 ¶ 46, p. 17, ¶ 56). Before filing suit, Carson notified eBay of the infringing nature of these listing using eBay's own NOCI forms, which specified the listing numbers and the patent or patents which they infringe.  (Am. Compl. p. 7 ¶ 37).  It was not difficult for eBay to see that these listings are studied knockoffs of Carson's MagniVisor Deluxe and the patents.  For the 729 Patent, Carson's Complaint shows, in detail, how eBay can easily understand that the listings infringe on the four elements of the patent simply by reviewing the photographs on eBay's website.  (Am. Compl. pages 9-13). Carson's Complaint contains photographs from exemplary eBay listing numbers with detailed annotations and reference numerals, explaining precisely how the listings infringe on Carson's patents. *Id.* The same detailed explanation is given for the 601 Patent.  (Am. Compl. pages 17-22).  Yet, eBay continues to dismiss Carson's submissions because it believes eBay bears absolutely no responsibility for how its profits are earned.

## LEGAL STANDARDS

### A.     Motions to Dismiss

EBay has filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  Pleading standards are governed by the Supreme Court's opinions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  However, neither of those opinions imposed "heightened fact pleading of specifics." *Arista Records LLC v. Doe 3*, 604 F.3d 110, 120 (2d

Cir. 2010).[1]  In fact, these cases did not heighten pleading requirements at all.  *Id.*  Instead, these cases *only* require "factual amplification where needed to render a claim plausible."  *Id.*  The Court must assume that all well-pleaded factual allegations are true and determine whether they plausibly give rise to an entitlement to relief.  *Hayden v. Paterson*, 594 F.3d 150, 161 (2d Cir. 2010).

### B.  Induced Patent Infringement

"Whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent."  35 U.S.C. § 271(a).  "Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  "Paragraph (b) recites in broad terms that one who aids and abets an infringement is likewise an infringer."  *Power Lift, Inc. v. Lang Tools, Inc.*, 774 F.2d 478, 481 (Fed. Cir. 1985).  Induced infringement "is as broad as the range of actions by which one in fact causes, or urges, or encourages, or aids another to infringe a patent."  *Tegal Corp. v. Tokyo Electron Co., Ltd.*, 248 F.3d 1376, 1378-79 (Fed. Cir. 2001).  "In order to succeed on a claim of inducement, the patentee must show, first that there has been direct infringement, and second that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."  *Minnesota Min. & Mgf. Co. v. Chemque, Inc.*, 303 F.3d 1294, 1304-05 (Fed. Cir. 2002) (internal citation omitted).

---

[1] Although the Federal Circuit would have jurisdiction over an appeal in this case, the Federal Circuit applies the general pleading standard law of the regional circuit where the district court sits.  *In re Bill of Lading Transmission & Proc. Sys. Pat. Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012). Thus, Second Circuit law on general pleading standards and motions to dismiss is applicable.

EBay's motion is based on the element of *specific intent* to infringe, which was clarified by the Supreme Court in *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 131 S.Ct. 2060 (2011), and reaffirmed in *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S.Ct. 1920 (2015).  "[W]e now hold that induced infringement under § 271(b) requires knowledge that the induced acts constitute patent infringement."  *Global-Tech*, 131 S. Ct. at 2068; *accord Commil*, 135 S.Ct. at 1925 ("it is necessary for the plaintiff to show that the alleged induced knew of the patent in question and knew the induced acts were infringing").  However, the law recognizes that "persons who know enough to blind themselves to direct proof of critical facts in effect have actual knowledge of those facts."  *Global-Tech*, 131 S. Ct. at 2069.  Thus, the doctrine of willful blindness has "two basic requirements: (1) the defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact."  *Id.* at 2070.

## ARGUMENT

EBay argues that Carson's Complaint does not adequately allege eBay's knowledge of infringement of Carson's patent and that Carson's unfair competition claim is preempted under the Supremacy Clause of the Constitution.  Both of eBay's arguments fail.

I.   **Carson Has Plausibly Alleged eBay's Knowledge of or Willful Blindness to Its Merchants' Infringement**

     A.   **Carson Has Adequately Pled eBay's Knowledge of its Merchants' Infringement**

Under *Iqbal*, Carson must only allege facts that make eBay's knowledge of infringement ***plausible***.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).   This is not an exacting standard as courts in this circuit and others have explained.  "As recently emphasized by the Federal Circuit, a plaintiff is not required to prove its

case as the pleading stage…. At this stage, it is plausibility and not probability that governs pleadings." *On Track Innovations Ltd. v. T-Mobile USA, Inc.*, 2014 WL 406497, at *5 (S.D.N.Y. Feb. 3, 2014).  Thus, for example, courts in this circuit have refused to dismiss complaints where a defendant continues in its inducement of infringement "after [the patent owner] put [the defendant] on notice of its infringement by sending it a letter notifying it of the [patent] and indicat[ing] that specific model numbers infringed that patent." *Conair Corp. v. Jarden Corp.*, 2014 WL 3955172, at *3 (S.D.N.Y. Aug. 12, 2014) ("These allegations are sufficient to plead that Jarden intended for its customers to infringe Conair's patent with knowledge that the induced acts constitute patent infringement."); *see also Joao Control & Monitoring Sys. LLC v. Slomin's, Inc.*, 2015 WL 77516 at *4 (E.D.N.Y. Jan. 6, 2015) (holding that the knowledge the defendant obtained upon reading the complaint was sufficient to adequately allege knowledge of infringement). Most tellingly, this Court has very recently reasoned as follows in refusing to dismiss an induced infringement complaint:

> Plaintiff's claims of induced infringement require him to plead that defendants knew of the patent, knowingly induced the infringing acts, and possessed a specific intent to encourage another's infringement of the patent. Plaintiff's allegations that defendant knew of the existence of the '789 patent and continued to sell a product that infringed it are sufficient to meet the intent requirement at the pleading stage.

*Paone v. Broadcom Corp.*, 2015 WL 4988279, at *13 (E.D.N.Y. Aug. 19, 2015).

Judge Cogan's holding in *Paone* has clear support in other circuits.  "[I]t is important to keep in mind that the Supreme Court was reviewing *Global-Tech* post-trial and did not speak to the pleading requirements for indirect infringement under Rule 8." *Walker Digital LLC v. Facebook, Inc.*, 852 F.Supp.2d 559, 565-66 (D. Del. 2012); ("In sum, if a complaint sufficiently identifies … the patent at issue and the allegedly infringing conduct, a defendant's receipt of the complaint and decision to continue its conduct despite the knowledge gleaned from the

complaint satisfies the requirements of *Global–Tech."*).  EBay does not (because it cannot) dispute that Carson adequately alleged that eBay knew of the two patents at issue and the infringing listing numbers, and yet continued aiding in the sale of the products nonetheless. Therefore, for this reason *alone*, the Court should deny eBay's motion to dismiss under *Paone*.

But even if the Court disagrees with *Paone*, *Conair*, *Joao Control*, *Walker Digital* and the cases that follow them, Carson's Complaint goes much further in alleging facts and evidence supporting a plausible inference that eBay knows that the identified eBay listing numbers infringe on Carson's patents.  While *Bill of Lading* "does not stand for the proposition that every claim for induced infringement must include a specific list of infringing features of the accused product," *3D Sys, Inc. v. Formlabs, Inc.*, 2014 WL 1904365, at *4 (S.D.N.Y. May 12, 2014), that is precisely what Carson has done in the Amended Complaint in an abundance of caution. Specifically, Carson's Complaint explains, in detail, how infringement of the two patents at issue is obvious based on a simple review of the photographs available on eBay's listing webpage. Carson's Complaint even reproduces the images from eBay's listing websites and labels the patented features with numeral boxes and arrows.  (Am. Compl. p. 9-13, 17-21). In fact, determining infringement is especially easy in this case because the identified listings on eBay's website are studied knockoffs of Carson's MagniVisor Deluxe, as depicted in its patents. Thus, Carson's Complaint certainly makes factual allegations that render its allegation of eBay's knowledge of infringement plausible.

In the face of these allegations, eBay points out that "assessment of infringement is a two-step process; first, the claims are construed as a matter of law and, second, the properly construed claims are compared to the accused product." (eBay Mem. 15).  EBay then contends that it is incapable of performing or even "attempt[ing] to perform" this process because it is not

a person of ordinary skill in the art. *Id.* at 15-16. First, the premise of eBay's argument, that

only those of ordinary skill in the art can read and understand a patent claim, is false. Claim

construction presents a "question of law" that is "to be determined by the court." *Markman v.*

*Westview Instruments, Inc.*, 517 U.S. 370, 384 (1996). Judges, who are not those of ordinary

skill in the art, are called upon to read and understand patent claims routinely, just as those

judges would interpret or decide any other question of law.

Second, adopting eBay's position would mean that only persons of ordinary skill in the

art can be found liable for induced infringement under 35 U.S.C. § 271(b). However, § 271(b) is

broad and contains no textual basis limiting it only to those of ordinary skill in the art.

Acceptance of eBay's argument would be unprecedented, and, in fact, would contradict binding

precedent holding that § 271(b) was meant to be "broad" and adaptable. *See Power Lift*, 774

F.2d at 481.

Third, "[i]n some cases, the ordinary meaning of claim language as understood by a

person of skill in the art may be readily apparent even to lay judges, and claim construction in

such cases involves little more than the application of the widely accepted meaning of commonly

understood words." *Phillips v. AWH Corp.*, 415 F.3d 1303, 13414 (Fed. Cir. 2005) (en banc);

*USHIP Intellectual Properties, LLC v. United States*, 98 Fed. Cl. 396, 414 n. 7 (2011) ("In this

case, the mechanical nature of the '464 and related patents therein, the lack of 'idiosyncratic'

terms and phrases, and the court's general familiarity with the purpose of the postal kiosk do not

require expert testimony as to the 'relevant art' or an informed description of the 'persons of

skill' in that art" in order to construe the claims.); *Donaldson Co., Inc. v. Baldwin Filters, Inc.*,

2011 WL 2183179, *2 (D. Minn. June 6, 2011) ("The Court therefore construes the terms as

would an ordinary educated layperson who had access to the materials cited by the parties.").

Since the technology at issue here relates to a visor for holding a magnifying lens for hobbyists, and since the court must draw all reasonable inferences in Carson's favor, eBay can perform (and plausibly did perform) the claim construction task even without being persons of ordinary skill in the art.

Fourth, eBay's argument is flawed because it presupposes that those at eBay are not persons of ordinary skill in the art. Again, all reasonable inferences must be drawn in favor of sustaining Carson's Complaint. If "the technology is simple and easily understandable, the level of ordinary skill in the art [can be] that of an ordinary layman of average intelligence." *Ball Aerosol & Specialty Container, Inc. v. Limited Brands, Inc.*, 555 F.3d 984, 992 (Fed. Cir. 2009). At a minimum, eBay has employed ordinary layman of average intelligence that reviewed Carson's allegations and the patents and reasonably determined that there was infringement.

Fifth, eBay's insincere hand-wringing about construing the words of the patents at issue rings hollow. For example, eBay wonders how any person of average intelligence can know what a "tenon" (one of the words in the patent's claim) is. (eBay Mem. 17). But such a person easily knows this because Carson's patent contains an illustration of a preferred embodiment of a tenon. Figure 3 of Carson's patent is reproduced on page 10 of the Complaint. The patent states that a "tenon" is item number 31. Any person of average intelligence can see that item 31 in Figure 3 is identical to the tenon on the infringing device, shown with numeral box 2 in the photographs on page 9 of the Complaint. EBay also complains about the word "fixer." (eBay Mem. 17). However, the same process can be employed in seeing that the fixer of the infringing devices is identical to the fixer illustrated in Carson's patent. Finally, eBay worries that its employees of average intelligence cannot tell by the photographs whether the *clearly visible* hinge on the infringing products allows the light to pivot because that is a "description of

motion" that cannot be ascertained by looking at a "static photograph." (eBay Mem. 17). Any reasonable person, however, would have no difficulty concluding that something photographed as being joined on a hinge can pivot and move, even if the photograph is "static." Thus, eBay knows it is infringing because even persons of ordinary intelligence will draw this conclusion by simply looking at the photographs on eBay's infringing listings. Carson has laid out precisely how and why these listings infringe in its Amended Complaint so that any person of average intelligence can reach the same understanding.

Sixth, eBay, in fact, has highly skilled personnel adept at determining whether something infringes on a patent, including their attorneys. It is at least plausible that these persons, acting on behalf of eBay, have reviewed Carson's patents and the photographs contained on the infringing listings and concluded that there is infringement.

For these reasons, Carson has adequately alleges facts making it plausible that eBay has knowledge that its merchants are infringing on Carson's patents yet eBay continues to aid, abet, and profit from that infringement.

**B.      Carson Has Adequately Pled eBay's Willful Blindness as to its Merchants' Infringement**

Alternatively, Carson has adequately alleged the plausibility of eBay's willful blindness to its merchants' infringement on Carson's patent so that it may continue to aid in and profit from that infringement. For eBay to be willfully blind, it must (1) "subjectively believe that there is a high probability that [its merchants' infringement] exists" and (2) "take deliberate actions to avoid learning of that fact." *Global-Tech*, 131 S.Ct. at 2070.

EBay contends that with respect to the first prong "[t]he only facts alleged by Carson … [are] that Carson and its counsel have informed eBay that they believe the products infringe." (eBay Mem. 18). EBay is mistaken. It is true that part of the factual allegations made by Carson

to make its allegation of eBay's subjective belief plausible is that Carson and its attorneys have informed eBay about the specific listing number that infringe on specific Carson patents. But Carson's Complaint goes further. The Complaint itself explains to eBay in detail exactly why and how the eBay listings infringe on Carson's patents. As discussed, it details and illustrates with photographs, numerical references, and figures how the listing numbers meet each and every element of Carson's patent claims so that any person of reasonable intelligence can see that Carson's allegations are true (or at least highly probable). Furthermore, Carson's Complaint alleges that the eBay listing numbers at issue are clear knockoffs of Carson's patented MagniVisor Deluxe. In other words, this case does not involve complex issues of claim construction or whether or not a competitor's efforts to design around a patent were effective. Carson's foreign competitors made no effort to design around the patents, but rather knocked off Carson's designs wholesale, and eBay is facilitating that infringement and economically benefitting from it.

With respect to this first prong of willful blindness, eBay also makes the same objections discussed above about its inability to determine infringement. It claims that "eBay does not have possession of the accused products, is not 'skilled in the art to which the invention pertains' [and therefore] has no basis to form a subjective belief of any sort [regarding infringement]." (eBay Mem. 19). These arguments should be rejected for the same reasons discussed above. Carson has shown in the Complaint how infringement can be determined simply by viewing the photographs on eBay's listing site. Carson also discussed how, as a matter of law, the determination of infringement does not require a person of ordinary skill in the art and/or that eBay does, in fact, employ people of ordinary skill in the art.

But, additionally, with respect to willful blindness, Carson has at least plausibly alleged eBay's subjective belief of at least a high probability of its merchants' infringement.  In this case, eBay has learned of Carson's assertion that its merchants are knocking off its designs.  EBay has learned that attorneys with experience in patent law have corroborated that conclusion and, consistent with their Rule 11 obligations, asserted such infringement in a court of law.  EBay has also learned by reading Carson's Amended Complaint that Carson's allegations against its merchants are based in part on a thorough element-by-element comparison between the patent claims and the photographs contained on eBay's website.  Under such circumstances, reasonable people would have a subjective belief that there is a high probability of infringement.  But, most importantly, it is at least *plausible* that eBay has such a belief.

With respect to the second prong of willful blindness, eBay has done everything possible to avoid learning for themselves that their merchants are infringing on Carson's products.  First, even though eBay has retained experienced patent counsel to litigate this case and the motion to dismiss, it professes that it refuses to allow anyone to conduct an analysis of infringement.  EBay objects to this argument solely on the basis of 35 U.S.C. § 298, which states that "[t]he failure of an infringer to obtain the advice of counsel … may not be used to prove that the accused infringer … intended to induce infringement of the patent."  (eBay Mem. 19).  Prior to the enactment of § 298, the law was that the infringer's failure to obtain the advice of counsel does provide an inference that it intended to induce infringement.  *Broadcomm Corp. v. Qualcomm, Inc.*, 543 F.3d 683, 698-99 (Fed. Cir. 2008).

However, eBay's reliance on § 298 is misplaced.  The Federal Circuit has recently held that 35 U.S.C. § 298 "only applies to patents issued on or after September 16, 2012." *Suprema, Inc. v. Int'l Trade Comm'n*, -- Fed. Appx. --, 2015 WL 5315371, n. 2 (Sept. 14, 2015) (since the

patents "issued in 2007, this provision does not control here").[2]  Thus, in *Suprema*, the Federal

Circuit found itself bound by the precedent of *Broadcomm* to hold that the failure to obtain

counsel opinion does bear on the defendant's intent to induce infringement.  *Id.* at *7 (also noting

that "*Global-Tech* did not displace this Court's holding in *Broadcomm* that failure to obtain an

opinion of counsel can be considered in determining whether the intent standard for induced

infringement has been met").

Likewise, in this case, the infringed patents were issued in 2000 and 2001 respectively.

Thus, it is *Broadcomm* and not 35 U.S.C. § 298 that controls.

Additionally, in *Global-Tech*, the Supreme Court found it especially "telling" that the

defendant, even though it did obtain advice from counsel, did not "inform the attorney … that the

product to be evaluated was simply a knockoff."  *Global-Tech*, 131 S.Ct. at 2071.  If failing to

provide one's attorney with full information is especially probative of willful blindness, surely

eBay's refusal to allow the patent attorneys it has already hired for this case to do so makes

willful blindness plausible.  Thus, Carson has plausibly alleged that eBay has taken deliberate

steps to avoid learning of its merchants' infringement.

But eBay's deliberate actions in refusing to evaluate infringement, however, goes beyond

failing to seek counsel from the lawyers it has already retained.  (Am. Compl. p. 15, ¶ 49(w)).

EBay states that it is adrift without having samples of its merchants' products to evaluate

infringement.  (eBay Mem. 20).  However, eBay can simply (i) look at the photographs on its

---

[2] *Suprema* is undoubtedly correct in this holding. 35 U.S.C. § 298 was created by Section 17 of
the America Invents Act, which does not itself provide for a specific effective date.  Therefore,
the catch-all effective date provision, Section 35 of the AIA, applies.  It states "[e]xcept as
otherwise provided in this Act, the provisions of his Act shall take effect upon the expiration of
the 1-year period beginning on the date of the enactment of this Act and shall apply to any patent
issued on or after that effective date." http://www.uspto.gov/aia_implementation/bills-
112hr1249enr.pdf

{N5119201}                                    14

website, (ii) ask its merchants whether they are knocking off Carson's designs, or (iii) purchase

one of the products it peddles to the public if it believes it is necessary to either confirm or dispel

its subject belief of a high probability of infringement.  EBay's only response to these options

readily available to it is to draw a distinction between "action" and "inaction" in the face of

obvious remedial action for the purposes of willful blindness.  (eBay Mem. 20).  Such a

distinction is untenable.

 EBay itself admits that one of the key facts relied upon by the Supreme Court in *Global-*

*Tech* for deliberate action was "the defendant's CEO's decision not to tell the attorney that he

hired for a right-to-use opinion that the product to be evaluated was simply a knockoff of

[plaintiff's] deep fryer."  (eBay Mem. 20 n. 13) (quoting *Global-Tech*, 131 S.Ct. at 2071).  But

the CEO's choice highlighted by the Supreme Court is deliberate inaction in the face of obvious

remedial action.  Therefore, the deliberate decision not to make use of obvious curative measures

does constitute deliberate action to avoid learning of infringement and is the very essence of

willful blindness.  *See Ohio State Univ. v. Skreened Ltd.*, 16 F.Supp.3d 905, 921 (S.D. Ohio

2014) (finding willful blindness because of defendant's "awareness and his deliberate inaction or

insufficient action to remedy problems").

 **C.**  **EBay Fails to Distinguish Other Legal Authorities**

 EBay's brief contains a section devoted to distinguishing *Walker Digital*, *3D Systems*

(both cited above), and *Tiffany, Inc. v. eBay, Inc.*, 600 F.3d 1369 (2d Cir. 2010).  (eBay Mem.

21-24).  First, eBay argues against the holdings of *Walker Digital* and *3D Systems* that a

complaint adequately alleges intent to infringe if it alleges that a defendant continued to aid and

abet in another's infringement after being put on notice of the patent.  *Id.* at 21-23.  EBay asks

the court to reject the holdings in those cases because *Walker Digital* was decided before *Bill of*

*Lading* and *Commil*.  However, Judge Cogan's opinion in *Paone* post-dates both *Bill of Lading* and *Commil* and is in accord with the *Walker Digital* and *3D Systems* opinions as to pleading standards. Therefore, eBay's timing argument falters.

     *Walker Digital* was correct in pointing out that *Global-Tech* did not deal with pleading standards under Fed. R. Civ. P. 8, but rather with the substantive standard at trial. *Walker Digital*, 852 F.Supp.2d at 565-66.  All Carson must do is to make allegations that render it *plausible* that eBay knows of the infringement. *Paone* and the cases like it hold that such knowledge is plausibly alleged if a defendant has notice of the patent and continues to aid and abet infringement.

     EBay cites *Bonutti Skeletal Innovations LLC v. Globus Medical Inc.*, 2015 WL 3755223 (E.D. Pa. June 15, 2015) as correctly reciting the pleading standards for induced infringement. (eBay Mem. 22).  However, even accepting *Bonutti* as good law, it favors Carson's position in this case. The court in *Bonutti* held that "a plaintiff adequately pleads that the defendant actually knew it was inducing acts that constitute infringement through specific allegation that the plaintiff: (a) alerted the defendant, either orally or in writing, to the fact that it was inducing a third party to infringe the plaintiff's patent, *and* (b) the plaintiff explained to the defendant *how* the induced acts constituted infringement." *Bonutti*, 2015 WL 3755223, at *6. This is precisely what Carson's Amended Complaint alleges.  As discussed previously, the Complaint alleges that Carson alerted eBay in writing about the infringement, and it explains precisely *how* its merchants' listings were infringing on the patents. Thus, even under eBay's preferred precedent, Carson's complaint should not be dismissed.

     EBay also attempts to distinguish *3D Systems* by pointing out that the Court relied on a series of four factual allegations in refusing to dismiss the complaint: that the plaintiff marked its

product with patent number, that the defendant was a competitor in the same industry as the plaintiff, that industry publications talked about outstanding patents in the industry, and that the defendant seemed to have knowledge of the expiration of other patents in the industry.  (eBay Mem. 23).  However, all four of these allegations were allegations made by the plaintiff to show that the defendant had knowledge *of the patent itself*.  Here, Carson does not need to rely on a plausible inference that eBay was aware of the patents at issue.  Carson wrote eBay letters and submitted documents specifically informing eBay about the patents.  Thus, Carson has certainly plausibly alleged eBay's knowledge of the patent and does not need to rely on the inferential allegations recited in *3D Systems*.

Finally, eBay alleges that this Court should ignore *Tiffany* for what it says about willful blindness in the trademark infringement context, while accepting *Tiffany* as "an example of a court's seal of approval on eBay's good faith efforts to combat intellectual property infringement of all types." (eBay Mem. 23-24).  The Court should do neither.  First, the *Tiffany* Court's understanding of how eBay's VeRO program is purported to work is proof of eBay's failure to live up to its promises as alleged in this case.  The Court in *Tiffany* relied on the fact that "to the extent the NOCIs that Tiffany submitted gave eBay reason to know that particular listings were for counterfeit goods, eBay did not continue to carry those listings…" *Tiffany*, 600 F.3d at 106.  "eBay's practice was promptly to remove the challenged listing from its website…." *Id.*

In contrast, here, Carson has submitted the same NOCI to eBay giving eBay reason to know that particular listings were for knockoff goods, and yet eBay insists upon Carson obtaining a court order before it will do anything about it.  Second, this Court should not so lightly turn aside the *Tiffany* court's explanation of how the willful blindness doctrine can apply to eBay's business model.  The *Tiffany* court recognized that those who erect a marketplace and

profit from it bear some responsibility for what happens in it.  The Court was careful to note that "if eBay had reason to suspect that counterfeit Tiffany goods were being sold through its website, and intentionally shielded itself from discovering the offending listings" eBay would be liable.  *Id.* at 109.  "A service provider is not, we think, permitted willful blindness. When it has reason to suspect that users of its service are infringing a protected mark, it may not shield itself from learning of the particular infringing transactions by looking the other way."  *Id.*  This is precisely what eBay has chosen to do here.  Thus, the *Tiffany* case is not proof of eBay's "good faith," but rather its failure to live up to the promises it makes about its VeRO program on its website and before the Second Circuit.

## II.  Carson's Unfair Competition Claim is Not Preempted by the Patent Act

EBay correctly recognizes that Carson's unfair competition claim is based on two separate sets of factual allegations.  (eBay Mem. 26-27).  First, eBay is liable for unfair competition due to their bad faith infringement in competition with Carson's competing product. Second, eBay is liable for unfair competition because of their unfair promulgation and non-adherence to the VeRO Program.  Carson will address each factual basis for its claim in turn.

### A.  Patent Infringement Committed in Competition with a Patentee Can Constitute Unfair Competition

"Supreme Court precedent establishes that state law is preempted in any one of three ways, which are explicit, field, and conflict preemption." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1332 (Fed. Cir. 1998).  "[F]ederal patent law plainly does not provide for explicit preemption."  *Id.*  "[T]here is [also] no reason to believe that the clear and manifest purpose of Congress was for federal patent law to occupy exclusively the field pertaining to state unfair competition law."  *Id.* at 1333.  Thus, only conflict preemption remains.

"The only limitation on the States is that, in regulating the area of patents and copyrights, they do not conflict with the operation of the laws in this area passed by Congress." *Kewanee Oil Co. v. Bicron Corp.*, 416 U.S. 470, 479 (1974) (holding that state trade secret protection of unpatented ideas is not preempted because there is no conflict). Conflict preemption requires a showing that the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *Kewanee*, 416 U.S. at 479; *Hunter*, 153 F.3d at 1332.

In determining whether a state's competition law conflicts with federal patent law, the Court must consider the fact that the law of "unfair competition" has "coexisted harmoniously with federal patent protection for almost 200 years, and Congress has given no indication that [its] operation is inconsistent with the operation of the federal patent laws." *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 166 (1989). Indeed, there is a "substantial difference" between state competition law and federal patent law. *Hunter*, 153 F.3d at 1334. Moreover, "the regulation of business affairs is traditionally a matter for state regulation." *Id.* For these reasons, "under the [Supreme] Court's preemption jurisprudence, the presumption against preemption has greater force [in this area] because of the states' longstanding governance of such affairs." *Id.*

Federal patent law may preempt state law where the state law cause of action is essentially the same as the federal cause of action for patent infringement. However, "a state law tort claim is not preempted by the federal patent law, even if it requires the state court to adjudicate a question of federal patent law, provided the state law ***cause of action*** includes ***additional elements*** not found in the federal patent law cause of action and is not an impermissible attempt to offer patent-like protection to subject matter addressed by federal law." *Dow Chem. Co. v. Exxon Corp.*, 139 F.3d 1470, 1473 (Fed. Cir. 1998) (emphasis added).

Since unfair competition under the common law of New York requires additional elements above and beyond that required to show patent infringement, it is not preempted. In *Rodime PLC v. Seagate Technology, Inc.*, Rodime sued Seagate for patent infringement, tortious interference with prospective economic advantage and unfair competition. *Rodime PLC v. Seagate Technology, Inc.*, 174 F.3d 1294, 1297 (Fed. Cir. 1999). The Court noted that "these state law causes of action require proof of additional elements not found in the patent law cause of action." *Id.* at 1306 (noting that tortious interference requires proof of some "wrongful" action not required by patent law and that unfair competition requires proof of some unscrupulous business practice not required by patent law). "Inducement [of patent infringement], in contrast, requires no such proof that the alleged infringer's business practice is immoral, oppressive, or the like." *Id.* Therefore, the Federal Circuit held:

> [T]his court finds that these state law causes of action do not constitute an impermissible attempt to offer patent-like protection to subject matter addressed by federal law. Tortious interference protects business relationships. Unfair competition prevents unethical and oppressive business practices. Neither of these regimes purport to extend protection to the classes of invention protected by Title 35. Because these state law causes of action protect interests different from federal patent law, federal law does not preempt Rodime's state law claims.

*Id.* Thus, state law unfair competition claims asserted by a patentee are not preempted by federal patent law.

## B.    EBay's Unfair and Deceptive Promulgation of its VeRO Program Constitutes Unfair Competition

EBay has also engaged in acts of unfair competition that have nothing to do with patent infringement. EBay has unfairly gained a competitive, reputational advantage through publication of its VeRO program, which tells the public, merchants and customers that it removes listings when rights holders notify them of infringement, when, in reality, it requires

rights holders to obtain a court order against the eBay merchants before it will remove the listings. Ebay actually refuses to even investigate the matter.

EBay's argument against this aspect of Carson's complaint is based on documents it appended to its motion to dismiss. Based on these document, eBay argues that Carson's allegations that eBay does not follow its VeRO program must be disregarded because "they are contradicted by documents upon which the pleadings rely – to wit, the NOCI forms submitted by Carson and other correspondence to Carson's counsel." (eBay Mem. 27). EBay takes pains to point out that the NOCI forms appear to require a court order when reporting patent infringement and that eBay's lawyer pointed this out to Carson by letter. (eBay Mem. 27-28). However, eBay has entirely misunderstood Carson's claim.

Carson's claim is not about eBay's VeRO program as it is actually applied by eBay once a patent holder seeks to use it. Rather, it is about what eBay says about the VeRO program on its website to participants in the eBay marketplace, including Carson. As alleged in Carson's Complaint, eBay's website proclaims: "We're committed to protecting the intellectual property rights of third parties… We created [VeRO] so that intellectual property owners can easily report listings that infringe their rights." (Am. Compl. p. 6 ¶ 34). It further states that "[w]e don't allow replicas, counterfeit items, or unauthorized copies to be listed on eBay." *Id.* at p. 6, ¶ 35.

Additionally, since eBay has sought to go beyond the four-corners of the Complaint in describing the VeRO program, Carson will do so as well. As more generally described in Carson's Complaint, eBay's website also states: "If you have a good faith belief that an item or listing infringes on your intellectual property rights, you can report the alleged infringement to eBay by submitting a Notice of Claimed Infringement (NOCI) to eBay's VeRO program."[3] It is

---

[3] http://pages.ebay.com/vero/notice.html

important to note that eBay's website does not say that the NOCI also requires a court order for patent infringement. Indeed, nowhere on eBay's VeRO website does it say that patent holders must first get a court order against the eBay merchant before eBay will take any action.[4] Rather, as discussed, it promises the opposite.

Notably, eBay's NOCI form, which is the only document indicating that eBay requires a court order for patent infringement, is not available to the public on eBay's website. Rather, one must first go to the VeRO "Reporting and Infringement" page.[5] Then, one must click a hyperlink for the NOCI form, which brings you to an outside website called, docusign.net.[6] Next, a patent owner must create an account by giving and then verifying its name and email address. Only then will a patent owner be given access to the NOCI form. Thus, eBay affirmatively hides from the public the only document that states that eBay will not remove patent infringing listings without a court order. Thus, eBay has misunderstood Carson's complaint. Far from undermining or contradicting Carson's allegations, the hidden NOCI forms are an integral part of Carson's claim.

Finally, eBay argues that Carson's unfair competition claim as it relates to eBay's unfair and deceptive promulgation of the VeRO program is preempted by the Patent Act. (eBay Mem. 28). It explains that Carson's claim is an attempt to "coerce eBay to remove listings based on the mere notice of alleged infringement, not knowledge of infringement" and that this is an attempt to confer "patent-like protection" on Carson. *Id.* This frivolous argument merits little reply.

---

[4] EBay's site also states that "[i]t is in eBay's interest to ensure that infringing items are removed from the site, as they erode the trust of our buyers and good sellers." http://pages.ebay.com/help/policies/intellectual-property-ov.html . In view of eBay's conduct in this case, this is apparently not true.

[5] http://pages.ebay.com/vero/notice.html

[6] https://www.docusign.net/Member/PowerFormSigning.aspx?PowerFormId=2a19462d-d717-4b23-9d60-cb9bed94ccac

Carson is not coercing eBay to do anything; it is eBay's own voluntarily written and published policy that forms the basis for the claim. EBay should not be entitled to the competitive and reputational advantages that its published policy brings while secretly doing something else. The claim is about commercial immorality and unfair misappropriation of the good will of those who respect intellectual property, not patent infringement. *See Roy Export Co. v. Columbia Broadcasting System, Inc.*, 672 F.2d 1095, 1105 (2d Cir. 1982) ("New York courts have noted the incalculable variety of illegal practices falling within the unfair competition rubric. … [It is a] broad and flexible doctrine that depends more upon the facts set forth than in most causes of action. … It has been broadly described as encompassing any form of commercial immorality.").

## CONCLUSION

EBay makes a great deal of profit from the goods sold on its website, and it has many programs and features to help its merchants sell as many goods as possible. Surely, eBay must bear some responsibility over what occurs in its marketplace. If the Court grants eBay's motion to dismiss, it will be a license for eBay to turn a blind eye to *all* claims of patent infringement no matter how simple the technology and how comprehensively and obviously the infringement is laid out for eBay.

Additionally, eBay holds itself out as a proactive protector of patent rights, promises that it is in its best interest to remove infringing listings, and tells patent owners that it will remove counterfeit, replica, and unauthorized items if the owner notifies eBay of its good faith belief of infringement. It is only when the patent owner discovers the hidden NOCI form that eBay's policy of only removing listings pursuant to court order is revealed. The Court should deny eBay's motion to dismiss in its entirety.

THE PLAINTIFF,
CARSON OPTICAL, INC.

Respectfully submitted,


By /s/  John R. Horvack, Jr.
    John R. Horvack, Jr.
    Federal Bar JH4878
    John L. Cordani, Jr.
    Federal Bar JC0914
    Carmody Torrance Sandak & Hennessey, LLP
    195 Church Street
    P.O. Box 1950
    New Haven, CT  06509-1950
    Tel:  203-777-5501
    Fax:  203-784-3199
    jhorvack@carmodylaw.com
    jlcordani@carmodylaw.com

{N5119201}               24

## CERTIFICATE OF SERVICE

This is to certify that on October 6, 2015, I served true and correct copy of the forgoing

document by electronic mail to the following counsel of record:

Joshua L. Raskin
Greenberg Traurig, LLP
200 Park Avenue
New York, NY 10166
raskinj@gtlaw.com


Ian C. Ballon (pro hac vice)
Greenberg Traurig, LLP
1900 University Avenue
5th Floor
East Palo Alto, CA 94303
ballon@gtlaw.com

                                       /s/  John R. Horvack, Jr.
                                       John R. Horvack, Jr.