**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**CARSON OPTICAL, INC.**

**Plaintiffs,**

**v.**

**EBAY, INC.**

**Defendant.**

**Case No. 2:15-cv-03793-KAM-SIL**

# REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS

GREENBERG TRAURIG, LLP
Joshua Raskin
200 Park Avenue
New York, NY 10166
Tel: (212) 801-9200

Ian C. Ballon (admitted *pro hac vice*)
1900 University Avenue
5th Floor
East Palo Alto, CA 94303
Tel: (650) 328-8500

*Attorneys for Defendant*
*eBay Inc.*

# TABLE OF CONTENTS


PRELIMINARY STATEMENT ........ 1

ARGUMENT ........ 2

I. CARSON DOES NOT SUFFICIENTLY ALLEGE INDUCEMENT ........ 2

A. Carson Does Not Allege an Intent to Infringe. ........ 2
B. Carson Does Not Sufficiently Allege Willful Blindness. ........ 4
C. Carson Does Not Sufficiently Allege Actual Knowledge ........ 5

II. CARSON DOES NOT SUFFICIENTLY ALLEGE UNFAIR COMPETITION ........ 8

A. Carson’s Unfair Competition Claim Is Preempted by the Patent Act ........ 8
B. Carson’s VeRO-Based Claim Does Not Sound in Unfair Competition ........ 9

CONCLUSION ........ 10

# TABLE OF AUTHORITIES

**Cases**

*Arista Records LLC v. Doe 3*,
604 F.3d 110 (2d Cir. 2010)....................1

*Ball Aerosol & Specialty Container, Inc. v. Limited Brands, Inc.*,
555 F.3d 984 (Fed. Cir. 2009)....................6

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
11 F. Supp. 3d 317 (E.D.N.Y. 2014)....................2, 8, 10

*Commil USA, LLC v. Cisco Sys., Inc.*,
135 S. Ct. 1920 (2015)....................1, 3, 5

*Conair Corp. v. Jarden Corp.*,
2014 WL 3955172 (S.D.N.Y. Aug. 12, 2014)....................3

*Global-Tech Appliances, Inc. v. SEB S.A.*,
131 S. Ct. 2060 (2015)....................3, 4, 5

*Hirsch v. Arthur Andersen & Co.*,
72 F.3d 1085 (2d Cir. 1995)....................6

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
153 F.3d 1318 (Fed. Cir. 1998)....................8, 10

*In re Wands*,
858 F.2d 731 (Fed. Cir. 1988)....................6

*ITC Ltd. v. Punchgini, Inc.*,
9 N.Y.3d 467, 850 N.Y.S.2d 366 (2007)....................9, 10

*Joao Control & Monitoring Sys. LLC v. Slomin's, Inc.*,
2015 WL 77516 (E.D.N.Y. Jan. 6, 2015)....................3

*Johnson & Johnston Assocs. v. R.E. Service Co.*,
285 F.3d 1046 (Fed. Cir. 2002)....................6

*Paone v. Broadcom Corp.*,
2015 WL 4988279 (E.D.N.Y. Aug. 19, 2015)....................3, 4

*Rodime PLC v. Seagate Tech., Inc.*,
174 F.3d 1294 (Fed. Cir. 1999)....................9, 10

*Suprema, Inc. v. Int'l Trade Comm'n*,
2015 WL 5315371 (Fed. Cir. Sept. 14, 2015)....................2

*Suprema, Inc. v. Int'l Trade Comm'n*,
796 F.3d 1338 (Fed. Cir. 2015)....................3

*Uzdavines v. Weeks Marine, Inc.*,
418 F.3d 138 (2d Cir. 2005)....................8, 10

*Walker Digital LLC v. Facebook, Inc.*,
852 F. Supp. 2d 559 (D. Del. 2012)....................3

**Statutes**

35 U.S.C. § 112....................6

35 U.S.C. § 298....................1, 2, 3

Pub. L. No. 112-274, 126 Stat. 2456....................3

## PRELIMINARY STATEMENT

Carson asks this Court to impose an affirmative duty on eBay to do what Carson itself is unwilling to do: police its patent rights against alleged direct infringers.[1] Carson wants eBay to affirmatively analyze Carson's patents, apply their claims to "knockoff" products Carson believes look too similar to its own, and exclude competitors on Carson's behalf. eBay is not in a position to do so: it does not manufacture, sell, offer to sell, or even possess the accused products. Nor does eBay knowingly or intentionally induce infringement. Carson alleges facts that show only that eBay provides sellers of the accused products the same services that eBay provides to every seller who advertises any item for sale on its website.

Carson makes no attempt to distinguish *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920 (2015), where the Supreme Court rejected Carson's position that notice merely of "the patentee's view that the induced conduct was infringing" suffices to form the requisite mental state for inducement. Carson does not explain how, despite eBay's alleged "refus[al] to even evaluate Carson's notices and complaints of patent infringement" absent a court order (Dkt. 15 at, *e.g.*, 15, ¶ 47(w)), eBay gained the "actual knowledge" that Carson's patents infringed—no matter how simple Carson claims them to be.

Carson argues that eBay cannot rely on the safe harbor of 35 U.S.C. § 298, which states that a defendant's failure to obtain opinion of counsel cannot be used as evidence of intent to induce infringement, because Carson's patents predate the American Invents Act ("AIA"). But Carson does

---

[1] While falsely asserting that "eBay affords its merchants anonymity" (Opp'n at 2), Carson does not allege that it has ever asked eBay for its users' identities, tried to contact any seller itself, purchased any item from the allegedly infringing sellers either to verify that the products infringe or to obtain their contact information, attempted to sue direct infringers (*see, e.g.*, *Arista Records LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010) (affirming the denial of a motion to quash subpoena to Internet Service Provider for the identities and personal information of Doe defendant)) or obtain an ITC exclusion order against the accused products. And, Carson hasn't attempted to add any manufacturer or seller as a defendant here.

not inform the Court of the Leahy-Smith America Invents Technical Corrections legislation, which mandates that notwithstanding the date of enactment of the AIA, § 298 applies to any civil action commenced on or after January 14, 2013—e.g., this action. Thus, the Federal Circuit's decision in *Suprema, Inc. v. Int'l Trade Comm'n*, 2015 WL 5315371, at *7 n.2 (Fed. Cir. Sept. 14, 2015) ("*Suprema II*"), on which Carson relies, is irrelevant. With respect to its re-cast unfair competition claim, Carson fails to distinguish this case from *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, 11 F. Supp. 3d 317 (E.D.N.Y. 2014), where the court rejected many of the same arguments Carson recycles here.

eBay should not be required to take Carson at its word and remove any listing Carson identifies simply because Carson, apparently without ever even having purchased any of the items it accuses, demands that eBay enforce Carson's patent rights on its behalf. Nor does the law impose any affirmative duty on eBay to purchase items and perform patent analyses for Carson. eBay will take down listings when it knows that they infringe—i.e., when Carson enforces its patents against a manufacturer or seller and receives an adjudication that the product infringes. Until then, however, eBay lacks the requisite state of mind for inducement liability.

## ARGUMENT

### I. CARSON DOES NOT SUFFICIENTLY ALLEGE INDUCEMENT

#### A. Carson Does Not Allege an Intent to Infringe.

35 U.S.C. § 298 states that the failure of an accused infringer to obtain advice of counsel may not be used to prove that it intended to induce infringement. Carson relies on *Suprema II* and Section 35 of the AIA for the proposition that 35 U.S.C. § 298 does not apply because the patents-in-suit predate the AIA. AIA § 35 and *Suprema II*, however, are irrelevant. On January 14, 2013, Public Law No. 112-274, entitled "Leahy-Smith America Invents Technical Corrections," was enacted. It states: "***Notwithstanding*** section 35 of the [AIA], ***section 298*** of title 35, United States Code, ***shall***

***apply to any civil action commenced on or after the date of the enactment of this Act***"—i.e., on or after January 14, 2013. Pub. L. No. 112-274, 126 Stat. 2456 § 1(a) (emphasis added).

*Suprema II* was an appeal of an administrative action filed with the ITC that commenced in May 2010. *See Suprema, Inc. v. Int'l Trade Comm'n*, 796 F.3d 1338, 1341 (Fed. Cir. 2015) (*en banc*) ("*Suprema I*") (detailing the history of Suprema's ITC action). This case, on the other hand, ***is a civil action filed after January 14, 2013***. Thus, 35 U.S.C. § 298 controls and Carson ***may not*** use any failure by eBay to obtain or present an opinion of counsel to establish that eBay "intended to induce infringement of the patent." 35 U.S.C. § 298 (emphasis added).

Carson argues that the intent element of an inducement claim is sufficiently pled where a plaintiff alleges that "defendant knew of the existence of [a] patent and continued to sell a product that infringed it …." (Opp'n at 7) (quoting *Paone v. Broadcom Corp.*, 2015 WL 4988279, at *13 (E.D.N.Y. Aug. 19, 2015) and citing *Conair Corp. v. Jarden Corp.*, 2014 WL 3955172, at *3 (S.D.N.Y. Aug. 12, 2014); *Joao Control & Monitoring Sys. LLC v. Slomin's, Inc.*, 2015 WL 77516, at *4 (E.D.N.Y. Jan. 6, 2015); and *Walker Digital LLC v. Facebook, Inc.*, 852 F. Supp. 2d 559, 565-66 (D. Del. 2012).) These cases are distinguishable for two reasons. ***First***, none of these cases address the Supreme Court's decision in *Commil*. Rather, *Conair*, *Joao Control*, and *Walker Digital* were all pre-*Commil* decisions, issued at a time of uncertainty about how much knowledge was required by *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2060 (2015). *Commil* resolved this uncertainty. 135 S. Ct. at 1927. And, while *Paone* was decided after *Commil*, Judge Cogan's opinion ***never mentions*** *Commil*, instead relying solely on *Global-Tech*. *See Paone*, 2015 WL 4988279 at *13. The sufficiency of allegations that a defendant "knew of the existence of [a] patent and continued to sell a product that infringed it" cannot be squared with *Commil*'s rejection of the

position that mere knowledge of the patent and the patentee's "view" of infringement can form the requisite intent.

***Second***, the defendants in *Paone*, *Conair*, *Joao Control*, and *Walker Digital* all made and sold products that were allegedly used or combined in a directly infringing manner. Importantly, those defendants had knowledge of how their accused products, systems, or methods worked and were made, and thus it may have been plausible that those defendants knew their products were used to directly infringe the patents-in-suit. In contrast, eBay does not make, use, sell, or even take possession of the accused products. Even under *Paone*, then, eBay would not be liable, because *Paone* requires that a defendant "continue to ***sell*** a product that infringed a patent" after receiving notice of that patent. 2015 WL 4988279, at *13.

**B. Carson Does Not Sufficiently Allege Willful Blindness.**

Setting aside Carson's irrelevant allegation that eBay failed to obtain advice of counsel, Carson's Amended Complaint does not allege that eBay took any active steps to avoid confirming its alleged subjective belief of a high likelihood of infringement (nor could it). Rather, its Opposition states that eBay can (i) look at the photographs on its site, (ii) ask its merchants whether they are "knocking off" Carson's designs, or (iii) purchase a listed item itself. (Opp'n at 14-15.) Option (i) is untenable for the reasons described above. Options (ii) or (iii) are actions that Carson alleges eBay could have taken, but did not take (nor, apparently, did Carson). But, willful blindness explicitly requires that eBay "***take deliberate actions*** to avoid learning" of its sellers' alleged infringement. *Global-Tech*, 131 S. Ct. at 2070-71 (emphasis added). Failing to conduct an affirmative investigation on Carson's behalf does not amount to willful blindness. *See id.*

In *Global-Tech*, the defendant, Pentalpha, took several deliberate actions to avoid confirming the existence of SEB's patent ***and*** of the infringing nature of its customers' sales: it deliberately "***copied*** 'all but the cosmetic features of SEB's fryer,' demonstrating Pentalpha knew it would be

causing customers to infringe [the] patent," *Commil*, 135 S. Ct. at 1927 (quoting *Global-Tech*, 131 S. Ct. at 2071); it deliberately "copi[ed] an ***overseas*** model of SEB's fryer," with the knowledge that "products made for overseas markets usually do not bear U.S. Patent markings," *Global-Tech*, 131 S. Ct. at 2071; and it deliberately "***sought*** a right-to-use opinion" from an attorney, without telling him that Pentalpha copied the overseas SEB model. *Id.* Critically, Pentalpha knew its product was a "knockoff" of SEB's product ***because it was the one who was making the knockoff***. Pentalpha also had background knowledge of critical facts: the existence of SEB's fryer, the known superiority of the SEB product and its growth in sales, and the "market research" performed by SEB to "gather information as much as possible" about the fryer. *Id.* In all, Pentalpha's affirmative conduct to avoid learning of the patent and of its customers' infringement was egregious. *Id.* at 2070-71.

In contrast, here, eBay is not alleged to have copied anything, affirmatively misled counsel regarding the allegedly infringing listings, researched the market or known about Carson or its products. Again, Carson's argument boils down to its view that eBay is obliged to take Carson at its word, or take steps to investigate whether Carson is correct. This view cannot be squared with *Commil*. For these reasons, Carson has failed to plead facts that would make an inference of willful blindness reasonable or this inducement theory plausible.

**C. Carson Does Not Sufficiently Allege Actual Knowledge**

While Carson argues that its patents are "simple" enough that eBay ***could*** perform the two-step process to determine infringement, a point with which eBay disagrees, Carson alleges no facts plausibly suggesting that eBay ***actually*** did so, or why it should be required to do so. Rather, Carson alleges the opposite—that eBay "refuse[s] to even evaluate Carson's notices and complaints of patent infringement." (Dkt. 15 at, *e.g.*, 15, ¶ 47(w); *id.* at 7, ¶ 41; Opp'n at 3, 17-18, 20-21.) Thus, Carson's conclusory statements in the Amended Complaint that eBay actually "knows" of the infringing nature of the accused products may be disregarded, even in light of the alleged "simplicity" of the

patents. *See Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995) ("General, conclusory allegations need not be credited … when they are belied by more specific allegations of the complaint.")

In fact, Carson's own arguments demonstrate that determining infringement of its patents is not as "simple" as Carson would have the Court believe. With respect to claim construction, the knowledge and experience of judges—who, by the time they construe the meaning of patent claims, have the benefit of rounds of briefing and oral argument from two teams of attorneys (in many cases possessing specialized expertise in patent litigation), the parties' analysis of the prosecution history, technical opinions from experts in the field, and their general experience deciding questions of law—should not be imputed to eBay. While patent claims might also be construed by those of skill in the pertinent art, Carson does not dispute that eBay is not skilled in the art of designing and manufacturing the accused products.[2]

The same is true with respect to comparing the claims with the accused product. It bears repeating that eBay does not make, use, sell, or even possess the products listed on its website, thus precluding any meaningful comparison. Carson attempts to explain how "determining infringement is especially easy in this case" and suggests that because the accused listings are "studied knockoffs," all eBay has to do is compare the listings to Carson's products "as depicted in the patents." (Opp'n at 8.) But in attempting to simplify the infringement analysis, Carson misstates the rule: an accused product must be compared to the ***claims*** of the patent, not its depictions. *Johnson & Johnston*

[2] While Carson argues that the "the level of ordinary skill in the art [can be] that of an ordinary layman of average intelligence" (Opp'n at 10, quoting *Ball Aerosol & Specialty Container, Inc. v. Limited Brands, Inc.*, 555 F.3d 984, 992 (Fed. Cir. 2009)), Carson fails to note that in *Ball*, that same simplicity led the Federal Circuit to invalidate the patent as obvious. *Id.* at 992-993. Moreover, in this case, the level of skill in the art cannot be simply a "layman of average intelligence," because such a layman (without knowledge of industrial design, mechanical engineering, or the like) would not be able to make and use the invention without undue experimentation—a requirement of validly issued patent claims. *See In re Wands*, 858 F.2d 731, 735 (Fed. Cir. 1988) (discussing 35 U.S.C. § 112).

*Assocs. v. R.E. Service Co.*, 285 F.3d 1046, 1052 (Fed. Cir. 2002). Moreover, even the flawed analysis suggested by Carson would require eBay to compare certain claim terms with items that could be internal, microscopic, or simply not visible in photographs of the accused products (assuming those photographs are a sufficient stand-in for the items themselves, which eBay disputes). For example, Carson alleges that the fourth element of the '601 patent requires a "clamping key" and "spring plate" (Dkt. 15 at 20, ¶ 61), and there is no way to determine whether that exists in the photographed listing.

The rule Carson posits—that allegations of "simple" patents and "clear" photographs of accused products are sufficient to plausibly allege actual knowledge—would in effect impose a duty on eBay to evaluate any patent alleged to be infringed by any rights holder to determine whether such technology is "simple" enough for lay evaluation in the first place, and then presumably to evaluate the photographs of listed items to determine whether the depicted features are clear enough to map elements of the patent claims onto visible features of the accused products. eBay is unable to undertake this impracticable, costly burden for every product sellers advertise on its site. As Carson acknowledges, "practically anyone can buy and sell practically anything" on eBay's website, and over ***800 million items*** are listed on eBay at any given time. (Dkt. 15 at 3, ¶¶ 15-19.) Not only would the duty proposed by Carson be untenable, but where and how would the Court draw the line between "simple" and "complex" patents, or between clear and unclear photographic evidence?

To the extent Carson asks this Court to impose a duty on eBay to remove any listing that any patentee alleges infringes any patent (no matter how simple or complex) based on a patent owner's notice of its belief of infringement, Carson's request is foreclosed by *Commil*, and for good reason: that would place eBay in the position of having to enforce others' patents without giving the accused sellers and manufacturers, who are more likely than eBay to be able to defend their own products, a

chance to defend themselves. In addition, as a practical matter, Carson's request would require that eBay, upon receiving any allegation of infringement, retain outside counsel, obtain copies of the relevant patents and prosecution histories, conduct an analysis (likely requiring the retention of an expert in the relevant field) of those documents in an attempt to construe the claims, obtain samples of the accused products, and compare those accused products with the construed claims. As discussed above, this is an extremely arduous process for any level of technology, let alone certain technologies, such as software, which require the analysis of source code and the like. Not only is eBay not in a position to do that every time infringement is alleged, eBay is not required to do that in light of 35 U.S.C. § 298 (discussed above). For these reasons, Carson has failed to plead facts that would make an inference of actual knowledge reasonable or this inducement theory plausible.

## II. CARSON DOES NOT SUFFICIENTLY ALLEGE UNFAIR COMPETITION

### A. Carson's Unfair Competition Claim Is Preempted by the Patent Act

Carson does not dispute that the Federal Circuit's binding application of "conflict preemption" principles requires consideration of a state law cause of action "as-applied." *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1335 (Fed. Cir. 1998). Carson's first "application" of unfair competition is eBay's alleged "bad faith and willful inducement of infringement" of its patents. (Dkt. 15 at 25, ¶ 63.) "As applied," there are ***no*** additional elements that Carson would need to prove other than willful patent infringement.[3] Carson "bases its tort action on conduct that is protected or governed by federal patent law," and thus, preemption is crystal clear. *Id.*

---

[3] Simply alleging "bad faith and willful" infringement is insufficient to "amplify the scope of [Carson's] infringement claims." *Prym*, 11 F. Supp. 3d at 331. Carson does not and cannot dispute this; Carson fully litigated, and lost, this exact issue of law, and is thus collaterally estopped from a different conclusion now. *See Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 146 (2d Cir. 2005) (describing elements of collateral estoppel).

*Rodime PLC v. Seagate Tech., Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999), does not help Carson's case. Under *Rodime*, to avoid preemption, a state law claim must "include[] additional elements not found in the federal patent law cause of action ***and*** … not [be] an impermissible attempt to offer patent-like protection to subject matter addressed by federal patent law." *Id.* While Carson alleges it meets the first part of that requirement, it fails to address the second part, for good reason: in using unfair competition as a proxy for inducing infringement, Carson ***is*** impermissibly trying to obtain "patent-like protection [for] subject matter addressed by federal patent law." By contrast, Rodime's state law claims were not based on Seagate's infringement of its patents, but on Seagate's alleged efforts to dissuade other disk drive companies from taking a license from Rodime." *Id.*

**B. Carson's VeRO-Based Claim Does Not Sound in Unfair Competition**

As eBay now understands Carson's explanation of its second theory of unfair competition: (1) eBay states on its website that it respects the intellectual property rights of others, and doesn't allow replicas, counterfeits, or unauthorized copies to be listed on eBay; (2) eBay states on its website that if a rights holder believes that an item or listing is infringing, it can report the alleged infringement to eBay by submitting a NOCI form; (3) eBay doesn't state on its website that, where patent infringement is alleged, a court order would also be required; and (4) after clicking a hyperlink, creating an account, and being given access to the NOCI form, the rights holder is then informed that eBay requires submission of a court order to take down listings based on alleged patent infringement. (Opp'n at 21-22.) Essentially, Carson complains that the takedown process for alleged patent infringement through VeRO requires more steps than Carson would like to take. That does not amount to unfair competition.

New York has "long recognized two theories of common-law unfair competition: palming off and misappropriation." *ITC Ltd. v. Punchgini, Inc.*, 9 N.Y.3d 467, 466-67, 850 N.Y.S.2d 366, 372 (2007) (citations omitted). Palming off refers to "the sale of the goods of one manufacturer as those

of another," while misappropriation refers to the principle that one may not in bad faith "misappropriate the results of the skill, expenditures and labor of a competitor." *Id.* Although, prior to *Punchgini*, courts had broadly construed the cause of action for unfair competition, it is now clear that "[t]he tort is not all-encompassing." *Prym*, 11 F. Supp. 3d at 329. Rather, "the New York Court of Appeals [has] reject[ed] the notion that unfair competition is equivalent to the amorphous term commercial unfairness." *Id.* (internal quotation marks and citations omitted).[4] Carson does not allege that eBay palms off its goods as those of Carson: eBay has no goods. Nor does Carson allege that eBay has misappropriated Carson's labor, skill, and expenditures. Of course, Carson and eBay are not competitors—eBay is an "American e-commerce company" (Dkt. 15 at 3, ¶ 14), while Carson makes a head belt known as the "MagniVisor Deluxe." (*Id.* at 2, ¶ 11.)

To the extent Carson alleges that eBay commits "misappropriation" by inducing infringement, the argument fails for the reasons stated in eBay's Motion: Carson "bases its tort action on conduct that is protected or governed by federal patent law," which is preempted. *Hunter Douglas*, 153 F.3d at 1335; *see also Rodime*, 174 F.3d at1297 ("impermissible attempt to offer patent-like protection to subject matter addressed by federal patent law" is preempted).

**CONCLUSION**

eBay's motion and Carson's opposition present a purely legal issue that is presently ripe for resolution: whether eBay has a duty to accept Carson's view that an accused product is infringing, or take affirmative steps to investigate its allegations of patent infringement, despite Supreme Court precedent to the contrary. The answer to that question is "no." For the foregoing reasons, eBay respectfully requests that this Court grant its Motion to Dismiss.

---

[4] Again, in *Prym*, Carson unsuccessfully litigated the issue of whether unfair competition extended to all forms of "commercial unfairness," so it is estopped from arguing this again. *Uzdavines*, 418 F.3d at 146.

Dated: New York, NY
October 13, 2015

GREENBERG TRAURIG, LLP

By: s/ *Joshua Raskin*
Joshua Raskin
200 Park Avenue
New York, NY 10166
Tel.: (212) 801-9200

Ian C. Ballon (admitted *pro hac vice*)
1900 University Avenue
5th Floor
East Palo Alto, CA 94303
Tel: (650) 328-8500

*Attorneys for Defendant eBay Inc.*

**CERTIFICATE OF SERVICE**

I, Justin A. MacLean, hereby certify that on October 13, 2015, I served true and correct copies of the foregoing document by electronic mail, addressed to the following:

John R. Horvack, Jr.
John L. Cordani, Jr.
Carmody, Torrance, Sandak, Hennessy, LLP
195 Church Street
P.O. Box 1950
New Haven, CT 06509
Direct: 203.784.3110
Fax: 203.784.3199
jhorvack@carmodylaw.com
jcordanijr@carmodylaw.com

*Attorneys for Plaintiff*

*s/Justin A. MacLean*
Justin A. MacLean